UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-22318-KMM

ROSS H. MANDELL,

    Plaintiff,

v.

WARDEN LINDA MCGREW,
*for the Federal Detention Center, Miami*,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon Movant Ross H. Mandell's Verified Emergency Petition for Writ of Habeas Corpus, filed on June 24, 2021 (ECF No. 1). As noted in this Court's Order Setting Hearing on the emergency motion (ECF No. 4), Movant's Petition brought suit against Linda T. McGrew in her official capacity as the Warden of the Federal Detention Center in Miami ("FDC") under 28 U.S.C. § 2241, 28 U.S.C § 1651, and 28 U.S.C. § 1331 (*id*.). Movant subsequently filed a Notice of Withdrawal of the Petition (ECF No. 5). Having reviewed the Petition, the Notice of Withdrawal, and being otherwise duly apprised in the matter, the Court hereby **RECOMMENDS** the Petition be **DISMISSED**.

Movant's Petition asserted that he is being unlawfully detained at FDC in violation of his Fourteenth Amendment Right to Due Process, and that the confinement has constituted cruel and unusual punishment in violation of his Eighth Amendment Right, as well as violated his Fifth Amendment Right to life, liberty, and property (ECF No. 1). As relief, Movant sought both a temporary restraining order and a permanent injunction requiring his immediate release from

custody at FDC that would permit him to return to home confinement (*id.* at 1, 9). Movant averred that a failure to grant this relief would result in his death at the hands of FDC (*id.* at 3).

As discussed in the Order Setting Hearing, Movant's Petition failed to specify a date certain by which relief was required as well as set forth a detailed justification for the expedited ruling, both in violation of Local Rule 7.1(d)(1) of the Southern District of Florida on emergency motions (ECF No. 4). Despite the fact that these deficiencies alone would permit denial of such a petition, *see United States v. Vasquez*, No. 16-CR-60296-BB, 2020 WL 5946466, at *1 (S.D. Fla. Oct. 7, 2020) (Bloom, J.), the Court set the matter for hearing given the magnitude of harm Movant alleged but noted that Movant would at hearing bear the burden of proving his entitlement to pursue relief on an emergency basis, and unwarranted designation of a motion as an emergency motion could result in sanctions (ECF No. 4 (citing Local Rule 7.1(d)(1)). Two days later, Movant filed his notice withdrawing the "emergency motion for compassionate relief/petition for writ of habeas corpus" (ECF No. 5).[1]

Movant's brief legal argument in the Petition asserted that courts have broad power to fashion equitable remedies to address constitutional violations, but did not articulate or argue with specificity how his claimed mistreatment rose to the level of a constitutional violation for any of the amendments cited in his jurisdictional statement, much less why Movant's release on an emergency basis was legally justified. Indeed, the Eleventh Circuit has held that even a prisoner who *proves* an Eighth Amendment violation is not entitled to release on that basis, *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990) ("The appropriate Eleventh Circuit relief from prison conditions that violate the Eighth Amendment during legal incarceration is to require the

---

[1] To clarify, Compassionate Release was not sought nor addressed in Movant's initial Petition. Movant noted in that Petition, however, that Movant had filed on June 23, 2021 an Emergency Motion for Compassionate Relief/Petition for Writ of Habeas Corpus in the Southern District of New York; that Motion was withdrawn the same day, and the present Petition was filed in the Southern District of Florida one day later (ECF No. 1 at 3).

discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment."), a proposition not rebutted by Movant in his petition. The Court need not, however, reach the question of Movant's legal entitlement to the relief sought here given his Notice of Withdrawal of the Petition; on the basis of that Notice, the Court **RECOMMENDS** the action be **DISMISSED** in its entirety.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Chief Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND ORDERED** on the 28th day of June, 2021, at Miami, Florida.

_____
LAUREN FLEISCHER LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record